UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00223-RJC-DCK

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **Order** |
| WC PRIVATE, LLC and WYNN A.D. CHARLEBOIS, | ) ) ) ) ) |
| Defendants. | ) |

## TEMPORARY RESTRAINING ORDER, ASSET FREEZE, AND OTHER EQUITABLE RELIEF

The U.S. Securities and Exchange Commission ("Plaintiff" or "Commission"") has submitted an Emergency Motion (1) to temporarily restrain Wynn A.D. Charlebois ("Charlebois") and his alter ego entity, WC Private LLC ("WC Private") (collectively, the "Defendants"), from violating the antifraud provisions of the federal securities laws; (2) to freeze the assets of Charlebois and WC Private; (3) to expedite discovery in this proceeding; (4) to prohibit Charlebois and WC Private from destroying, altering or removing assets; and (5) for an accounting.

The Court, having considered the Commission's (a) Emergency Motion, and the facts and supporting documents submitted therewith, (b) Memorandum of Law in Support of its Emergency Motion, and (c) Complaint for Injunctive and Other Relief, hereby makes the following findings:

1. The Court has jurisdiction over the subject matter of this action, and over the Defendants.

2. The Commission has made a sufficient and proper showing in support of the relief it has requested, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(b)), by evidence establishing a prima facie case that Charlebois and WC Private, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act [15 U.S.C. §17q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)].

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, the Defendants will dissipate, conceal, or transfer assets that could be the subject of an order directing disgorgement or the payment of civil monetary penalties in this action. It is therefore appropriate for the Court to issue this Temporary Restraining Order, Asset Freeze and Other Equitable Relief, so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

4. There is also good cause to believe that, unless restrained and enjoined by order of this Court, Defendant Charlebois may alter or destroy documents relevant to this action.

# I.

**IT IS, THEREFORE, ORDERED** that:

A. The assets of Charlebois and WC Private are hereby frozen. The freeze shall include but not be limited to those assets located in any bank or securities accounts of the Defendants, as well as other assets of the Defendants. In addition, proceeds derived from the securities offerings alleged in the Commission's Complaint for Injunctive and Other Relief remaining in the custody or control of the Defendants are hereby frozen regardless of where said

proceeds are located. This freeze shall also include real property and vehicles owned by the Defendants.

B. The Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent authority, in whatever form such assets presently exist.

C. That any financial or brokerage institutions or other persons or entities holding any funds or assets in the name of, for the benefit of, or under the control of the Defendants, their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

## II.

**IT IS FURTHER ORDERED** that Charlebois shall submit in writing to this Court and the Commission within **five (5) business days** following service of this Order, the following identifying information:

(A) all names by which every person with authority to exercise control of the Defendants is known, all business and residence addresses, postal box numbers, telephone numbers, and facsimile numbers, e-mail addresses and the nationality of such persons;

3

(B) each account with any financial institution or brokerage firm maintained in the Defendants' names or held for the Defendants direct or indirect beneficial interest in the last five years; and

(C) an accounting that reflects all assets of the Defendants, including all financial accounts and any real and personal property; the source of funds in all such accounts and the source of funds used to acquire any real property and vehicles in the last five years; and the sale or transfer of ownership of all such financial accounts and property in the last five years.

### III.

**IT IS FURTHER ORDERED** that the Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's Complaint for Injunctive and Other Relief in this action. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, emails, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

### IV.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this

action, may be made personally, by facsimile, by overnight courier, by email, or by mail upon each defendant, their attorney, their U.S. agents or their foreign agents, including banks to the extent permitted by law, or by alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, including all means authorized under North Carolina law.

**V.**

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants, and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or service in accordance with Section V of this Order, or otherwise.

**VI.**

**IT IS FURTHER ORDERED** that the Court will take under advisement the Commission's request for expedited discovery and an accounting. The Court will hold a hearing on **June 8, 2022 at 1:00 p.m. in Courtroom #4A, 401 W Trade St, Charlotte, NC 28202,** where it will consider the Commission's request for expedited discovery, an accounting, and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure extending the asset freeze and other relief granted in this Order until a final adjudication on the merits may be had.

**VII.**

**IT IS FURTHER ORDERED** that, pending determination on whether the Court should grant a preliminary injunction, the Defendants and their agents, servants, employees, attorneys and those persons in active concert or participation with them, be, and they hereby are, restrained from, directly or indirectly, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of

transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

(1) employing any device, scheme, or artifice to defraud in connection with any security;

(2) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in connection with any security;

(3) obtaining money or property by means of any untrue statement of a material fact in connection with any security, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(4) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, by directly or indirectly, (1) creating a false appearance or otherwise deceiving any person or (ii) disseminating false or misleading documents, materials, or information or making either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about such investments.

## VIII.

**IT IS FURTHER ORDERED** that any brokerage institution, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, or corporation maintaining or having custody or control of any brokerage or deposit account or other assets of the Defendants that receives actual notice of this order by personal service, facsimile transmission or otherwise

6

shall, **within five (5) business days** of receipt of that notice, file with the Court and serve on counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice.

**IX.**

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

Signed: May 20, 2022

Robert J. Conrad, Jr.
United States District Judge