UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

U.S. SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

WYNN A.D. CHARLEBOIS and
WC PRIVATE LLC,

Defendants.

Civil Action No.
3:22-cv-00223-RJC-DCK

## CONSENT OF DEFENDANTS WYNN A.D. CHARLEBOIS AND WC PRIVATE LLC TO ORDER OF PRELIMINARY INJUNCTION AND OTHER RELIEF

1. Defendants Wynn A.D. Charlebois and WC Private LLC (the "Defendants"), waive service of a summons and the complaint in this action and enter general appearances, and admit the Court's jurisdiction over the Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which the Defendants admit), the Defendants hereby consent to the entry of the *Order of Preliminary Injunction As To Defendants Wynn A.D. Charlebois and WC Private LLC, Order Continuing Freeze of Assets, And Other Ancillary Relief* in the form attached hereto (the "Order of Preliminary Injunction") and incorporated by reference herein, which, among other things:

   (a) preliminarily restrains and enjoins the Defendants from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange

1

Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(b)  continues the order freezing the Defendants' assets, non-destruction of documents and other ancillary relief;

(c)  leaves open the Commission's request for expedited discovery, which the Court has taken under advisement; and,

(c)  leaves open the issue of a permanent injunction, and the amounts of disgorgement and civil penalties that will be imposed against the Defendants, to be resolved upon motion of the Commission at a later date.

3. The Defendants agree that the Court shall leave open the issues of a permanent injunction and disgorgement of ill-gotten gains, prejudgment interest thereon, and civil penalties until later order of the Court.

4. The Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. The Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Order of Preliminary Injunction.

6. The Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce the Defendants to enter into this Consent.

7. The Defendants agree that this Consent shall be incorporated into the Order of Preliminary Injunction with the same force and effect as if fully set forth therein.

2

8. The Defendants will not oppose the enforcement of the Order of Preliminary Injunction on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objections based thereon.

9. The Defendants waive service of the Order of Preliminary Injunction and agree that entry of the Order of Preliminary Injunction by the Court and filing with the Clerk of the Court will constitute notice to the Defendants of its terms and conditions. The Defendants further agree to provide counsel for the Commission, within thirty days after the Order of Preliminary Injunction is filed with the Clerk of the Court, with an affidavit or declaration stating that the Defendants have received and read a copy of the Order of Preliminary Injunction.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against the Defendants in this civil proceeding. The Defendants acknowledge that no promises or representations have been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. The Defendants waive any claims of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. The Defendants further acknowledge that the Court's entry of a preliminary injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanctions imposed in an administrative proceeding.

11. The Defendants agree that the Commission may present the Order of Preliminary Injunction to the Court for signature and entry without further notice.

12. The Defendants agree that this Court shall retain jurisdiction over this matter for purposes of enforcing the terms of the Order of Preliminary Injunction.

Dated: 6/10/22

*[signature]*
Wynn A.D. Charlebois (individually and on behalf of, and with full authority to act for, WC Private LLC).

On June 10, 2022, Wynn A.D. Charlebois, a person known to me or personally appeared before me with proper identification (circle one) and signed the foregoing Consent in my presence.

*[signature]*
Notary Public
Commission expires:

Regina J. Moore
Notary Public
Mecklenburg County, NC
My Comm. Exp. April 11, 2023

Approved as to form:

*[signature]*
Noell Tin, Esq.
Counsel for the Defendants

4