UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00223-RJC-DCK

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) **ORDER OF PRELIMINARY** |
| | ) **INJUNCTION AS TO DEFENDANTS** |
| v. | ) **WYNN A.D. CHARLEBOIS AND WC** |
| | ) **PRIVATE LLC, ORDER** |
| WC PRIVATE, LLC, and | ) **CONTINUING FREEZE OF ASSETS,** |
| WYNN A.D. CHARLEBOIS, | ) **AND OTHER ANCILLARY RELIEF** |
| | ) |
| Defendants. | ) |

The U.S. Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendants Wynn A.D. Charlebois and WC Private LLC (the "Defendants") having entered general appearances; consented to the Court's jurisdiction over the Defendants and the subject matter of this action; consented to the entry of this Order of Preliminary Injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Order of Preliminary Injunction:

I.

**IT IS HEREBY ORDERED** that, until further order of this Court, the Defendants and their agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Order of Preliminary Injunction by personal service or otherwise, be, and they hereby are, restrained from, directly or indirectly, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate

commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

1) employing any device, scheme or artifice to defraud;

2) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

3) obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

4) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5], thereunder.

II.

**IT IS FURTHER ORDERED** that, until further Order of this Court, the assets of the Defendants shall remain frozen pursuant to the terms of the Court's Order dated May 20, 2022. The freeze shall include but not be limited to those funds located in any bank or financial institution or securities accounts of the Defendants, as well as other assets of the Defendants. In addition, the proceeds derived from the securities offerings alleged in the Commission's Complaint for Injunctive and Other Relief remaining in the custody and control of the Defendants are hereby frozen regardless of where said proceeds are located. The freeze shall also include real property and vehicles owned by the Defendants. The Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive

actual notice of this Order of Preliminary Injunction by personal service or otherwise and each of them, be, and hereby are, restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any of the Defendants' funds or other assets or things of value owned by, controlled by, or in the possession of the Defendants. This Court further enjoins any disbursements by the Defendants, their agents, representatives, employees and officers and all persons acting in concert or participation with them, whatever business names they may operate under, of any proceeds derived from any brokerage institutions in the name of, for the benefit of, or under the control of the Defendants.

III.

**IT IS FURTHER ORDERED** that the Defendants and their officers, agents, employees, servants, attorneys, any bank or financial or brokerage institution holding any assets of the Defendants and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, papers, ledgers, accounts, statements and other documents employed in any of such Defendant's business, which reflect the business activities of the Defendants, or which reflect the transactions referenced in the Commission's Complaint.

IV.

**IT IS FURTHER ORDERED** that the Consents of the Defendants are incorporated herein with the same force and effect as if fully set forth herein, and that the Defendants shall comply with all of the undertakings and agreements set forth therein.

V.

**IT IS FURTHER ORDERED** that this Order does not preclude the Commission from

3

seeking a permanent injunction, disgorgement and prejudgment interest and the imposition of civil penalties, or any other relief, in this action.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order of Preliminary Injunction.

**IT IS, THEREFORE, ORDERED** that the Parties' Consent Motion for Preliminary Injunction, (DE 14), is **GRANTED**.

**SO ORDERED**.

Signed: June 16, 2022

Robert J. Conrad, Jr.
United States District Judge