UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION No. 3:22-CV-00223-RJC-DCK

U.S. SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

WYNN A.D. CHARLEBOIS and
WC PRIVATE LLC,

Defendants.

## CONSENT OF DEFENDANTS WYNN A.D. CHARLEBOIS AND WC PRIVATE LLC

1. Defendants Wynn A.D. Charlebois and WC Private LLC (the "Defendants") acknowledge having been served with the Complaint in this action and entering an appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as provided herein in paragraph 13 and except as to personal and subject matter jurisdiction, which the Defendants admit), the Defendants hereby consent to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins the Defendants from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")[15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(b) permanently restrains and enjoins the Defendants from participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Wynn A.D. Charlebois from purchasing or selling securities for his own personal accounts; and

(c) leaves open the amount of disgorgement of ill-gotten gains (and prejudgment interest thereon) and civil penalties that will be imposed against the Defendants, to be resolved upon motion of the Commission at a later date.

3. The Defendants agree that the Court shall order disgorgement of ill-gotten gains and civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Defendants further agree that the amounts of the disgorgement and civil penalties shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from May 1, 2022, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). The Defendants further agree that in connection with the Commission's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (a) The Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) The Defendants may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection

with the Commission's motion for disgorgement and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4. The Defendants acknowledge that any civil penalties paid pursuant to any Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether such Fair Fund distribution is made, the civil penalties shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalties, the Defendants agree that they shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on the Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the Defendants' payment of civil penalties in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Defendants agree that they shall, within 30 days after entry of the final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

5. The Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that the Defendants pay pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added

to a distribution fund or otherwise used for the benefit of investors. The Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that the Defendants pay pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6. The Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. The Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

8. The Defendants enter into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce the Defendants to enter into this Consent.

9. The Defendants agree that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

10. The Defendants will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. The Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

12. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against the Defendants in this civil proceeding. The Defendants acknowledge that no promises or

representations have been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. The Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. The Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, the Defendants understand that they shall not be permitted to contest the factual allegations of the Complaint in this action.

13. The Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of the Defendants' agreement to comply with the terms of Section 202.5(e), the Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to

the effect that the Defendants do not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that the Defendants do not deny the allegations; (iii) upon the filing of this Consent, the Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulate solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalties or other amounts due by the Defendants under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by the Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If the Defendants breach this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects the Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. The Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by the Defendants to defend against this action. For these purposes, the Defendants agree that they are not the prevailing party in this action since the parties have reached a good faith settlement.

15. The Defendants agree that the Commission may present the Judgment to the Court for signature and entry without further notice.

16. The Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 10/24/22

_____
Wynn A.D. Charlebois (individually and on behalf of, and with full authority to act for, and the permission and approval of, WC Private LLC.)

On Oct 25, 2022, Wynn A.D. Charlebois, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: Oct 26 2024