UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION No. 3:22-CV-00223-RJC-DCK

U.S. SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

WYNN A.D. CHARLEBOIS and
WC PRIVATE LLC,

Defendants.

## JUDGMENT AS TO DEFENDANTS WYNN A.D. CHARLEBOIS AND WC PRIVATE LLC

The U.S. Securities and Exchange Commission having filed a Complaint and Defendants Wynn A.D. Charlebois and WC Private LLC (the "Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction and except as otherwise provided herein in Paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

1

means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgement by personal service or otherwise: (a) the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in (a).

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mail, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgement by personal service or otherwise: (a) the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], the Defendants are permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by them, from participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Wynn A.D. Charlebois from purchasing or selling securities for his own personal accounts.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgement by personal service or otherwise: (a) the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in (a).

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of disgorgement and civil penalties upon motion of the Commission. Prejudgment interest shall be calculated from May 1, 2022, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (a) the Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) the Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and civil penalties, the parties may take discovery, including discovery from the appropriate non-parties.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendants' Consent is incorporated herein with the same force and effect as if fully set forth herein.

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by the Defendants, and further, any civil penalties or other amounts due by the Defendants under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by the Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: \_\_\_\_ \_\_, 2022

_____
Robert J. Conrad, Jr.
United States District Judge